IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-11-202 |
| | | Criminal No. RDB-03-033 |
| | * | **UNDER SEAL** |
| GREGORY MCNEIL, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Defendant Gregory McNeil ("McNeil" or "Defendant") is currently serving a 262-month sentence for three armed bank robberies he committed in Baltimore County, Maryland between January and February 2011.  Presently pending is McNeil's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (RDB-03-033, ECF No. 92 supplemented by ECF No. 99; RDB-11-202, ECF No. 36), in which he contends that his age and various medical conditions make him particularly vulnerable to COVID-19 and that his circumstances warrant his immediate release.  However, even if McNeil demonstrated health issues sufficient for this Court to consider his request, an analysis of the sentencing factors provided in 18 U.S.C. § 3553(a) does not support a reduction in his sentence.  For the reasons stated herein, McNeil's Motion for Compassionate Release (RDB-03-033, ECF No. 92 supplemented by ECF No. 99; RDB-11-202, ECF No. 36) is DENIED.

## BACKGROUND

On March 11, 2008, McNeil was sentenced by Judge Andre M. Davis[1] of this Court to 140 months' imprisonment and three years supervised released for bank robberies committed in 2002. (**RDB-03-033, ECF No. 58**) On November 23, 2009, on remand from the U.S. Court of Appeals for the Fourth Circuit, Judge J. Frederick Motz resentenced McNeil to time served of 81 months' imprisonment and three years supervised release. (RDB-11-202, ECF No. 43-4 *SEALED*.) A little more than a year following his release, McNeil committed three armed bank robberies. (*See* Plea Agreement, RDB-11-202, ECF No. 20.) All three involved McNeil entering a bank, pointing a silver revolver at the teller, and demanding money. (*Id.*) This first case was reassigned to the undersigned Judge for the Defendant's violation of supervised release. On March 1, 2012, this Court sentenced McNeil to a total term of imprisonment of 262 months with credit for time served in federal custody since August 16, 2011. (RDB-11-202, ECF No. 28.) This Court ordered that such sentence was to be served concurrent with the term of imprisonment of 24 months imposed in *United States v. McNeil*, No. RDB-03-033 for violation of supervised release. (RDB-03-033, ECF No. 82.)

On July 14, 2020, McNeil filed a *pro se* Motion for Compassionate Release (RDB-03-033, ECF No. 92), arguing that, due to his age and various health conditions, he faced a risk of severe illness if he were to contract COVID-19 and requesting his immediate release. On August 14, 2020, McNeil, through court-appointed counsel, filed a request for reduction in sentence pursuant to 18 U.S.C. § 3582 with the Warden of FCI Hazelton, citing his age and additional medical conditions which warranted his release. (RDB-11-202, ECF No. 38-7 *SEALED*.) On December 11, 2020, McNeil, through counsel, filed a supplement to

---

[1] Judge Davis is now retired.

McNeil's July 2020 Motion (RDB-03-033, ECF No. 99; RDB-11-202, ECF No. 36), in which he again contends that his age and various medical conditions place him it a high risk of serious complications from the COVID-19 virus and that such circumstances warrant his immediate release.

Defendant McNeil asserts that his is now seventy years old and suffering from a string of medical conditions including prediabetes, hyperlipidemia, chronic gastro-esophageal reflux disease (heart burn), an abdominal hernia, anxiety disorder, major depressive order, and episodes of shortness of breath including three occurrences of acute respiratory distress. (RDB-11-202, ECF No. 38 *SEALED*.) McNeil also asserts that he is overweight and a former smoker. (*Id.* *SEALED*.) In 2018, McNeil was hospitalized twice in one week after experiencing chest pain and losing consciousness. (ECF No. 38-3 *SEALED*.) Testing did not discovery any major abnormalities. (*Id.* *SEALED*.)

## ANALYSIS

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the passage of the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden

3

of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Additionally, the Sentencing Commission has authorized the BOP to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. *Id.* § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the BOP's regulations constrain this Court's analysis. As Judge Catherine C. Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the BOP's authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence

reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In this case, the Government contends that most medical conditions listed by McNeil do not place him at an increased risk of severe illness due to COVID-19. (RDB-11-202, ECF No.43. *SEALED*.) In the Government's view, none of the conditions except McNeil's status as a former smoker rise to the level of "extraordinary and compelling." (*Id.* *SEALED*.) However, even if McNeil's age and medical status create extraordinary and compelling circumstances allowing this Court to consider McNeil's Motion, this Court must find extraordinary and compelling circumstances *as well as* that (1) the defendant would not pose "a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), and (2) a reduction in sentence is consistent with the sentencing factors provided in 18 U.S.C. § 3553(a) in order to grant such Motion.

To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) involves consideration of some of the same factors. Under § 3553(a), the court considers (1) McNeil's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted

sentencing disparities among similarly-situated defendants. *See Bryant*, 2020 WL 2085471 at *4.

Looking to each of these factors, this Court finds that a reduction in McNeil's sentence is inappropriate. McNeil crimes were of a very serious nature. He committed a series of three bank robberies at gunpoint within one month, while on supervised release for another series of bank robberies. McNeil's other criminal history is also significant. His 2012 Presentence Investigation and Report includes convictions for burglary, manslaughter and a handgun violation, robbery with a deadly weapon, as well as numerous convictions for escape or attempted escape from custody. (RDB-11-202, ECF No. 43-4 *SEALED*.) Further, although McNeil is now 70 years old, and for others such age may indicate an unlikeliness to reoffend, McNeil committed his most recent robberies at age 60. McNeil does not offer an explanation for why he would be less likely to reoffend at age 70. Overall, the seriousness of the numerous crimes committed by McNeil warrants the sentenced imposed, and a reduction in that sentence would be inconsistent with the above-listed factors. While McNeil suffers from numerous medical conditions, most of these conditions do not place him at a risk of severe illness if he were to contract COVID-19, and he can continue to receive lose attention for such conditions from the BOP.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 22nd Day of February, 2021, that Defendant McNeil's Motion for Compassionate Release (RDB-03-033, ECF No. 92) and Supplements thereto (RDB-03-033, ECF No. 99; RDB-11-202, ECF No. 36) are DENIED.

                                                                                                                                                         \_\_\_\_\_/s/_____  
                                                                                                                                                         Richard D. Bennett  
                                                                                                                                                         United States District Judge